This is a case in which the Department of Labor went seeking nullification of a government regulation designed to protect employees which has been in place for almost 50 years and have tried to render it irrelevant and where the MSPB, the Merit System Protection Board, responded by rubber stamping this overreaching action by the government. And the court should reverse the action and should hold the board accountable for its charge which is to safeguard merit principles in employee rights. I have a question regarding the post-appointment signing of the form in question. What is it that he signed? Did he initial that form or did he have to complete more blanks or did he just recertify by putting a signature? What happened at that moment? Thank you, Your Honor. Yeah, that's an important point. If you look at Petitioner's Appendix A-268, that is actually an explanation of the form and it explains what the recertification is. And, Judge Rayner, what it explains is that when you enter on duty and you re-sign that form, you're still pre-appointment. You're not even post-appointment at that point. All you're doing is updating the form such that if you were, for example, convicted of a felony in the last two weeks after you originally filled out the form, that that would come out. And that's explained in the directions for the Optional Form 306 there. Well, you're saying you're just updating the form, but the form makes it clear that the employee is recertifying in his new status as an appointee as opposed to an applicant. I don't believe that, with all due respect, that it is clear that you're recertifying as an employee, but that's not really... Well, that's exactly what it says. It says certifications. You have the form in front of you? Yeah, what I... Appendix page 113. It says certifications and under that you have one statement that relates to applicants, then you have a second one that relates to appointees. And each one has instructions and requires a signature, the first on line 17A and the second on line 17B. To me, it's absolutely clear that the employee is being asked to certify at two different times in two different capacities. Well, there's several responses I need to give to that. First is, one must also look at the instructions to the form, which say pretty clearly, if you are selected before you were appointed, you will be asked to update your responses on this form and on other materials submitted during the application process and to recertify that your answers are true. So that's what it says in the instructions to the form. It says before you were appointed. Now, let's assume though that he is in his first few hours as an appointee, it's entry on duty, he's appointed. Okay, let's assume for the sake of argument that that's the case. It doesn't change any of our arguments at all. The regulation at issue is very clear, 5 CFR 315.805, that if an agency wishes to terminate a probationary employee for reasons wholly or in part based on pre-appointment reasons, then they must provide notice and opportunity to respond. It couldn't be any clearer. And you cannot eliminate that right simply by requiring somebody to sign again that the things that they said pre-appointment are true. I'm a little confused exactly on what your argument is in that regard. Are you suggesting that the record shows that the employer factually relied on the first misrepresentation? Or are you just saying even if factually he only relied on the second one, there's some sort of relation back because it was the same conduct? Do you understand my question? I do, but that's not I'm a little confused on what your position is. Yeah, that's not our position at all. Which of those two? I gave you alternatives. Yeah, neither. Okay. First of all, there's no misrepresentation at all. Let's remember that. He completed the form correctly. That's not really subject to reasonable dispute. The only question is whether there's a pre-appointment issue or not. And there clearly is a pre-appointment issue. He only answered that question, question nine on the optional form 306, on October 15, 2009. That was the only time he answered that particular question. And he answered it correctly. The form says that if you were convicted in the last ten years That gets to the merits. That really doesn't affect the jurisdictional argument before the MSPB, does it? Ultimately, it does. But let's go to this question of when it occurred, okay? He only answered the question once. He answered it on October 15, 2009. There's no evidence to the contrary. They answered discovery responses that the reason he was terminated was because of how he checked the box on question number nine. And he checked that box only once. Well, except he signed the form on The day he showed up. But he signed the form on that day. You're not discounting the fact that he signed the form on 11-9-09, right? Once he was an employee, once he was already appointed. Well, according to the instructions in the form, he wasn't an employee yet. But even if he was an employee, at most all that does is, as this court has recognized before and as the board has certainly recognized before also, at most what that does is say that there are both pre- and post-appointment issues at stake. He signed the form twice, pre-appointment and post-appointment. He only answered the question once. But the difficulty you're having, or you have arguably, is that the agency's decision to relied exclusively on what he did once he was in the probationary period. That's what their letter said. That was the basis. Are you suggesting that that was just a rouse and they really didn't mean it? They just wanted to get away with something? So they only relied on one, but they really meant to rely on two? Well, that's absolutely true. That it is a ruse and it was created after the fact. Actually, Why do you say that? Why do you say it's a ruse? When the agency's action is absolutely clear and refers only to the certification made on November 9th. Your Honor, that's just not the case. If you look at Appendix 64 through 67, it refers on multiple occasions to when you signed the OF-306. He signed it twice. Wait, you're looking at A-130? That's where the letter is? No, it's actually in there several times, so I apologize for the confusion. But I can go to A-130. It's the same thing. It says when you signed the OF-306. He signed the OF-306 twice. He signed it pre-appointment and he signed it after he was appointed. So that's a reference to both pre- and post-appointment. You really think that's a fair reading? I mean, the agency has never maintained that. They reference on November 9th you signed the OFC. When you signed the OFC, you're saying that when they say when you signed it, that was a reference to two times, even though they've never mentioned previously any signing other than November signing? You want us to construe the letter that way, that they were actually relying on both? Your Honor, we don't have any. Regrettably, we were precluded from doing a hearing here. So it is a non-frivolous statement to say that this reference to when you signed the OF-306 is a reference to both signatures. He signed it twice. It says when you signed. Now, the other thing and probably more important is it references your failure to disclose required information on the OF-306. It references that on multiple occasions. He only disclosed information on the OF-306 on October 15th, 2009. He didn't put a single piece of information on there in November. But he recertified all of that information on November 9th. Your Honor, if what you're saying were the case, then there would be no point in the regulation 315.805 because you could sweep away all pre-appointment conduct simply by having somebody come. You could do it ten years after the fact. Have them sign something. Maybe that's true, but that's what the form says. It has two places to sign and it says explicitly recertify. That's not what the regulation says. The is designed to protect against the government doing what it's doing here, which is using incorrect, as it is, assumptions about people's pre-appointment conduct as a basis to kick people out of their jobs. That's the point of the regulation. I mean, they're suggesting here that their letter, at least, and even if they may not have actually been required to do all of this, their letter certainly ties that what they consider a misrepresentation to his current duties. I mean, it's sort of textbook. This is the basis upon which you would fire a federal employee. Your Honor, it doesn't. First of all, we have more than the letter here. We have discovery responses. The discovery responses are clear. The only reason used for termination was his answer to question 9 on the OF306, which he answered before he was appointed. Because you're saying that when he signed it, we can't consider that answering the question because he is recertification, what Judge Lynn was referring to. No, because I don't think I'm saying that. I think what I'm saying is two things. One, to the extent it's a recertification, it's pre-appointment according to the instructions on the document. And secondly, that to the extent that even if that second signature is post-appointment, then it's for reasons that are both pre-appointment and post-appointment. Because clearly, first of all, the criminal conduct at issue, and expunged, let's remember what it is, and expunged disturbing the peace offense from five years earlier that he was specifically told on the form not to include, okay, and which he didn't include. There can be no reasonable dispute about that. So when he was instructed not to include that, and he didn't include it, that he then is required to go back and the day he gets on the job, make a mistake on the form and say, actually, I'm going to go ahead and include this thing I was told to exclude in order to avoid it being both pre- and post-appointment, in order to confer jurisdiction in some way. That doesn't make any sense. The action that is in dispute here is when he checked off question nine on OF306, that occurred pre-appointment. He signed it again the day he got there. It doesn't change the fact that the offense, the expunged conviction occurred pre-appointment, that one of the signatures at issue that's referenced in the letter, it references the signatures, it references the fingerprint appointment, it references the conviction. All those things are pre-appointment. So to say that this has nothing to do with pre-appointment, that there's no jurisdiction at all, that there's not even a non-frivolous basis for jurisdiction doesn't make any sense, Your Honor. I need to reserve some time. We will reserve the balance of your time. Thank you, Mr. Schwartz. Ms. Smith? Yes, Your Honor. Good afternoon. Good afternoon. May it please the Court, the Board does not have jurisdiction in this case because Mr. Unes failed to make a non-frivolous allegation that his employment was terminated for pre-appointment reasons, as required by the regulation upon which he relies. Mr. Unes twice signed the OF306, certifying that he had no previous convictions. He signed it on October 15th before he was appointed, and he signed it on November 9th after he was appointed. You don't disagree that he filled out the form correctly, that his answers were correct and pursuant to the instructions on the form? Actually, we do disagree, but that's an issue of the merits, which is irrelevant to the jurisdiction determination. So you think he, when he signed the form the first time, that he was lying on that? I wouldn't say that he was lying. He failed to disclose, and he was required to disclose, the fact that he had a previous conviction. Doesn't the form tell, instruct somebody not to include that type of information? The form instructs the appointee or the applicant to exclude that information, to exclude a conviction if it was expunged from the record. But if you look at the actual California criminal provision, it specifically states that, first of all, it's dismissed. The title is dismissal. It has expungement in parentheses, but it's not actually expunged from the record. The order changing his plea of guilty to not guilty specifically states that his conviction will still be a matter of public record, that it can be pleaded and proved in any subsequent prosecution, and that it's available as a matter of public record. And in fact, it was available because the deciding official was able to find it online after Mr. Unni's instructed her how to do so. Does it make any difference whether, to the jurisdictional question before us, whether the form required or didn't require that information and whether he did or did not lie? No, Your Honor, it doesn't because the only question is whether the agency terminated him for a pre-appointment reason or a post-appointment reason. And here he was terminated for a post-appointment reason because the agency relied solely on his November 9th, that is his post-appointment signature, on the form. It does strike me as odd in the fact that the agency's letter talks about the requirement to be forthright and disclose this information and the Board's decision talks about the requirement to be forthright and disclose this information, and yet neither the agency nor the Board talks at all about that exclusion, that where the form itself says your answer should omit any conviction for which the record was expunged. There's not a discussion, not a word about that that I can see. Maybe I missed something in the agency's letter or in the Board's discussion, and I find it curious, although I think I agree with you that it's really irrelevant, and I think you're also correct that the agency doesn't discuss that, but what the termination letter does discuss is the requirements of the California Penal Provision itself, which does state that someone who was convicted and later had his conviction essentially vacated under that provision still needs to disclose it in response to a direct question if he's applying for public office. But the question here says, oh, by the way, you don't have to put that information down. Well, it says you don't have to put that information down if it was expunged from the record, and I don't believe it was expunged from the record here because it is still a matter of public record. But let me ask you this question, and this is a difficulty I'm having with the case. The attorney is certifying the veracity of the information that he had used to complete the form initially. How is that not, in part at least, part of the pre-employment agreement that he had signed? I don't know about a pre-employment agreement, Your Honor, but he signed it he's essentially recertifying, which means that he is re-answering each question. He had the opportunity he had to sign a form and say the answers on this form are correct and accurate, and yet he filled out that form before he had been hired. That's pre-employment. How can you, then how do you, it seems to me that there's an inconsistency here that at least in part the reason for intermination was in part based on pre-employment reasons. Well, I respectfully disagree for two reasons. First of all, because the agency specifically references only the second signature and not the first signature, which they had the discretion to rely on one or the other or both, and they chose to rely on the second. I get that, but in a way that's kind of post-talk, looking back and making that argument. But he certified the accuracy of information he provided before he was an employee. He did, but the reason that you signed this again after your appointment is so that you have the opportunity to update these responses. He didn't have to sign to certify that all these were exactly the same. He could have updated them. He could have said, you know what, I made a mistake. But if they were correct the first time around, why wouldn't they be correct the second time around unless something had changed? Well, I don't think they were correct the first time around. But in any case, the purpose of signing the second time is to essentially re-answer every question and the instructions on the form tell the appointee to do that. But if he decided that they weren't correct the first time around, aren't you relying on pre-employment conditions? I mean, you've made a decision that he lied the first time around. So isn't that basing your decision of termination on something that occurred, conduct occurred pre-employment? I don't think it is because the only conduct that the agency relied on was the second signature. And the question of whether it was true, whether it was false, that's not a question of jurisdiction. That is irrelevant to the jurisdictional determination. I could see that if he signed a different form or had to fill out another form. But he had to put that signature on a form he had already completed and basically was asked, look at these questions and answers and if they're correct, sign this form again. Isn't that conduct at least based in part on pre-employment conditions? No, I don't think it is because that very issue of doing it a second time, he could have given different answers. That's his opportunity to update it. It's the same as if he had been handed a second completely blank form and they said fill this out a second time. And the instructions specifically on the form give different instructions for an applicant and they give different instructions for an appointee. And so when you sign it a second time as an appointee, which he did on November 9th, he was essentially giving all fresh answers, they just happened to be the same because he did not update them. He did not take the opportunity to update those questions, excuse me, his answers on those questions. And I would continue also that the record, Mr. Eunice has not actually put any evidence in the record that the agency relied on any pre-appointment reason. He hasn't put any evidence in the record that the deciding official relied on anything other than what she says she relied on, which is the November 9th signature. And that's apparent from three things in the record. First, the termination letter explicitly cites November 9th and it doesn't cite any other signature. Second, the termination letter advised Mr. Eunice that he could appeal to the MSPB if he believed that his termination was based on partisan political grounds or marital status. And that is the standard for appeal of a termination based on a post-employment reason. And finally, the SF-50, which documented his termination, explicitly cited the regulation governing termination for post-appointment reasons, which is 5 CFR section 315.804. And from this, it is evident that the agency relied solely on the second signature and therefore this is a post-appointment, not a pre-appointment reason for the termination and the board did not have jurisdiction under section 315.806C. If the board, excuse me, if the court has no further questions. Thank you very much. Thank you very much. Never be penalized for returning time. Mr. Schwartz, you have time. Can I have the time?  You do have some time remaining. Thank you, Your Honor. First of all, the letter in question mentions a number of things that happened pre-appointment. It references an order for relief under the penal code. That was only an order from the pre-appointment time period. It references the pre-appointment conviction, which was expunged. That only occurred pre-appointment. It references, quote, you answered no to question 9, which he only did once on October 15, 2009. So there's a host of references to pre-appointment conduct here. And at the very least, it's a non-frivolous basis to provide a jurisdictional hearing because all of this argument about the only conduct the agency relied on or there's no evidence in the record, these are all things that should have been heard in a jurisdictional hearing. We don't know what the deciding official relied on in her mind, whether she was thinking about the conviction, whether she was thinking about the fact that he answered question 9 incorrectly, which, as it says in the document, to the extent you don't find it clear enough that she was relying on that pre-appointment conviction and that pre-appointment answering of the question, then we need to hear from the deciding official. We also need to go through the factors for failure to disclose. There's no evidence of any kind that Mr. Unis, that they relied on, that Mr. Unis was failing to disclose a material fact disingenuously, that he was anything other than trying to follow the instructions. Hypothetically, if an employee, if it comes to light during an employee's probationary period that that employee is a drug addict, and then you look at that and it also becomes clear that he is a drug addict because he's been addicted for four years long before he started his probationary period, is that, in your view, the kind of case where it would relate back to the fact to the pre-probationary period, or in your view is that different? That's a perfect example, Your Honor, of where it would not be a pre-appointment reason, and there's a host of cases on that. Here they acknowledge there was no effect on performance. So you have that admission, it's in the record, in their response to requests for admissions, 6, 7, and 13, between appendix 44 through 51, there was no effect on performance. So it's very distinguishable from a situation in which you have a drug addict where it is affecting performance, and there are cases along those lines, the Vondanin case, where somebody couldn't get a security clearance. I thought they argued that it might have an effect on his performance. I mean, that was the basis for them saying, no, you're going to be a supervisor, you're supposed to review these folks, they've got to be honest on their application forms, and it would affect your ability, our trust in your ability to be honest in doing that. No, Your Honor, there's an admission in the record that there was no effect on his performance of any kind, and there was also an explanation on multiple responses to interrogatories that the only thing they relied on was his answer to question 9 on the OF-306, which he answered pre-appointment. So that's one of the reasons why it was a harmful error, Your Honor. The agency's memorandum, his termination notice, says this about the bottom of page A-97, says the fact that you failed to disclose required information on your own OF-306 raises a serious question as to your ability to properly carry out this role, this role being his role as a supervisor. If you look at their admissions, they admit that there was no performance deficiency. There's nothing that he was unable to do in his job at all based on the fact that he correctly... That may be all well and good, but I'm reading from the actual termination notice, which is the basis on which he was fired. Your Honor, that termination notice makes it clear that what they faulted him for was answering, supposedly, the OF-306 incorrectly. He, in fact, answered it correctly. But we can't litigate the merits of that. The only question is whether this is pre- or post-employment conduct. You can litigate after deciding jurisdiction, whether it's a harmful error, whether it's arbitrary and capricious, once you decide that there was any non-frivolous allegation as to pre-appointment. And here, clearly because it references the past conviction, clearly because it references your signatures or when you signed the document that he signed twice, clearly because it references the answer to a question he only answered pre-appointment, clearly because the form itself says that it is a pre-appointment form designed for the hiring process. All those reasons make it a pre-appointment matter, at least in part, conveying jurisdiction. And at that point, you have to look at whether or not the error is harmful. And, of course, it's harmful here because he didn't do anything wrong. He followed the instructions on the form that said, omit expunged convictions. And he did exactly that. He omitted this conviction. Was the conviction actually expunged? It was, Your Honor. It clearly was. And that's throughout the record that it was expunged under California Penal Code 1203.4, Dismissal Expungement of Convictions, where the defendant was granted probation and not guilty entered, case dismissed, expunged. So it's expunged. There can't really be any reasonable dispute that it was expunged. Was the record expunged? But what about the conviction? Doesn't that remain on the public record? No, that's the point. It was expunged. Did it happen in the past? At some point it did. But the form says you may omit convictions which were expunged. And this was expunged. So he omitted it. So certainly if it's vague, if it's unconstitutionally vague and we're terminating an employee based on an instruction he couldn't possibly understand. How do you respond to counsel's argument that the conviction was not expunged and it remained on the public record? It's a misreading of the statute. The statute says here that you may have to disclose this expunged conviction if you're directly asked for it while seeking public office. First of all, he was not directly asked for it. He was told not to disclose it because it was expunged. And second of all, he wasn't seeking public office. He was seeking federal employment, but not public office. So there's no reasonable argument. And even if there was any doubt about it, this is the kind of thing that needs to be handled in a jurisdictional hearing. You can't just summarily decide this without giving him a chance to be heard. And this court has many times found that where there's any non-frivolous basis, where there's any dispute like this, that a hearing is necessary. Thank you very much. We thank both counsel. The case is submitted.